UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
Harry W. Bisbing,                   :
                                    :
    Plaintiff,                     :
                                    :  Civil No. 06-5304 (DRD)
v.                                  :
                                    :  **OPINION**
                                    :
New Jersey Firemen's Home           :
and William Hunt, individually and  :
as Director of New Jersey Firemen's Home, :
                                    :
    Defendants.                    :
_____ :

Appearances by:

John Matthew Barbarula, Esq.
Barbarula & Associates
23 Professional Building
1242 Route 23 North
Butler, NJ 07405

    *Attorney for Plaintiff, Harry W. Bisbing*

Robyn L. Aversa, Esq.
Jackson Lewis LLP
60 Washington Street
Morristown, NJ 07960

    *Attorney for Defendants, New Jersey Firemen's Home and William Hunt*


***Debevoise, United States Senior District Judge***

    Defendants, New Jersey Firemen's Home ("NJFH") and William Hunt ("Hunt") (also

collectively referred to as "Defendants"), removed to this Court the action that was filed in New Jersey Superior Court,[1] by Plaintiff, Harry W. Bisbing ("Bisbing").

Bisbing's eight-count action alleges that Hunt created a sexually hostile work environment in violation of the New Jersey Law against Discrimination ("NJLAD") and that NJFH retaliated against him for reporting the hostile work environment in violation of the New Jersey Conscientious Employee Protection Act ("NJCEPA").  Additionally, Bisbing's action alleges that the NJFH and Hunt deprived him of the equal protection of law and procedural and substantive due process, in violation of his Fourteenth Amendment rights.

Bisbing now moves before this Court to have the action remanded to the New Jersey Superior Court.  For the reasons stated in the Opinion below, Bisbing's motion is denied.

## BACKGROUND AND PROCEDURAL HISTORY

NJFH is a long term and residential care facility chartered in 1898 by the New Jersey State Legislature and located in Boonton.  Bisbing, a homosexual male, became employed with NJFH in 1992 as a Housekeeping Supervisor, and he remains currently employed in that job title.  Hunt, also a homosexual male, was employed by NJFH as the facility's Director and, as such, Bisbing's supervisor until NJFH terminated Hunt's employment in September 2005.

On September 26, 2006, Bisbing filed a civil action in New Jersey Superior Court, which was served on Hunt on October 7, 2006 and on NJFH on October 9, 2006.  Without filing an answer, Defendants timely removed from state court based on this Court's original jurisdiction, pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1441(b), over the federal question of the

---

[1]Civil Docket No. MRS-L-2570-06, filed September 26, 2006 in the Law Division - Morris County, entitled <u>Harry W. Bisbing v. New Jersey Fremen's Home and William Hunt</u>.

alleged deprivation of rights under the Fourteenth Amendment, which was raised by Bisbing in Count Three of his complaint. On December 4, 2006, Bisbing filed the instant motion for remand.

Bisbing's complaint alleges that between December 1996 and the termination of Hunt's employment in September 2005, Hunt, during working hours, both in private and in front of other employees, engaged in conduct toward Bisbing that was discriminatory, harassing and demeaning, such as making crude sexual remarks and invitations, grabbing and rubbing Bisbing's penis, and massaging Bisbing. As a result of Hunt's actions, Bisbing alleges that he was made to feel ashamed and embarrassed.

Under the doctrine of respondeat superior, Bisbing seeks to hold NJFH responsible for the acts of Hunt, alleging that it failed to provide Bisbing with a work environment free of sexual harassment and failed to take appropriate action when it knew, or should have known, that Bisbing was being sexually harassed. Bisbing claims that Hunt's acts and conduct are governed by the Policies and Procedures of NJFH.

## DECISION

**Jurisdiction of the District Court**

A district court has original jurisdiction in those cases involving a federal question. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). Federal question cases arise when the plaintiff's complaint raises issues arising under the Constitution, federal laws, or treaties of the United States. Id. See also 28 U.S.C. § 1331. Once it has been established that the district court has original jurisdiction, the district court may assume, pursuant to 28 U.S.C. § 1367(a), supplemental jurisdiction over the issues raised in the plaintiff's complaint which sound in state law.

Here, in addition to the violations of state law raised in his complaint, Bisbing, in Count Three, alleges violations of his rights to equal protection of laws and to procedural and substantive due process under the Fourteenth Amendment to the Constitution of the United States. Therefore, this Court has jurisdiction over the federal question and the pendant state law issues and was properly removed by Defendants.

**The District Court's Authority to Decline Supplemental Jurisdiction**

Bisbing, however, seeks remand to New Jersey Superior Court, citing 28 U.S.C. § 1367(c), which provides that

> The district courts may decline to exercise supplemental jurisdiction . . . if –
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Bisbing argues that the district court should decline to exercise supplemental jurisdiction because his claims raise novel or complex issues of State law and because his State claims substantially predominate over the claim over which the district court has jurisdiction.

**Novel and Complex Issues of State Law Under NJLAD**

Bisbing asserts that the Court should decline jurisdiction because his claim raises novel and complex issues of state law regarding male against male sexual harassment under the NJLAD. Citing, Zalewski v. Overlook Hospital, 300 N.J.Super. 202 (1996), Bisbing contends that the NJLAD is very broadly construed in favor of prohibiting male against male sexual harassment, whereas federal case law appears to be split on the issue.

This Court notes, however, that New Jersey courts consider federal law when interpreting claims under the NJLAD and NJCEPA. "It is . . . plain that the methods of proof and the applicable burdens in LAD and CEPA cases generally follow Title VII law, and we therefore frequently look to federal . . . cases as precedent."  Donofry v. Autotote Systems, Inc., 350 N.J.Super. 276, 290 (A.D. 2001) (citing, e.g. Mogull v. C.B. Commercial Real Estate Group, Inc., 162 N.J. 449, 461-62 (2000); Erickson v. Marsh & McLennan Co., 117 N.J. 539, 549-50 (1990); Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 193 (1988); Kolb v. Burns, 320 N.J.Super. 467, 478-79 (A.D. 1999)).

Beyond this, though, Bisbing misstates federal case law.  Since the United States Supreme Court's unanimous 1998 holding in Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, federal law, Title VII, has been construed to provide a cause of action for same-sex sexual harassment.

Likewise, this Court has recognized claims of same-sex sexual harassment under NJLAD. In DePiano v. Atlantic County, et al., 2005 WL 2143972 (D.N.J. Sept. 2, 2005), the Court addressed the issue of a hostile work environment.  The defendants, DePiano's employer, an Atlantic County jail, and the jail's warden, revealed to prison inmates, that DePiano, a corrections officer, was a cross-dresser,[2] thereby subjecting him to harassment by the inmates.  Utilizing the standard articulated by the New Jersey Supreme Court in Lehmann v. Toys 'R' Us. Inc., 132 N.J. 587 (1993), the Court refused to grant defendants' motion for summary judgment, holding that "the [NJ]LAD prohibits discrimination, including harassing conduct, on the basis of gender stereotyping." Id.

This Court again had occasion to consider the Lehmann standard and harassment under the

---

[2]Plaintiff DiPiano is a male who, on occasion, dresses in female clothing.

NJLAD, in <u>DePiano v. Atlantic County</u>, 2006 WL 1128710 (Apr. 25, 2006). In considering DePiano's prayer for the equitable relief of reinstatement to his corrections officer job following the termination of his employment by Atlantic County, the Court again recognized that New Jersey case law upholds the creation of a hostile work environment within "the context of gender-stereotyping harassment." <u>Id.</u> at *5 (citations omitted).

**Novel and Complex Issues of State Law Under NJCEPA**

Additionally, Bisbing asserts that the Court should decline jurisdiction because his claim raises novel and complex issues of state law regarding the definition of adverse actions under NJCEPA. Here, Bisbing contends that, at this time, adverse actions less than demotion, discharge, or suspension may fall within the State law definition of adverse action, whereas under Federal law they may not, presenting a novel and/or complex issue of State law.

Again, Bisbing misstates the law. According to New Jersey courts, "[i]t is beyond dispute that the framework for proving a NJCEPA claim follows that of a NJLAD claim." <u>Donofry</u>, 350 N.J.Super. at 290 (citations omitted). As noted in <u>Donofry</u>, this Court in its analysis of claims under NJCEPA uses the same approach as its analysis of NJLAD claims:

> The elements necessary to prove a retaliatory discharge claim under CEPA are similar to those necessary to prove a violation of Title VII [of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e]. Therefore, we will utilize principles from the Title VII landscape in analyzing plaintiff's CEPA claims.

<u>Id.</u> (citing <u>Bowles v. City of Camden</u>, 993 F. Supp. 255, 261 (D.N.J. 1998)).

Particularly, in considering adverse employment action issues under NJCEPA, this Court has held that a defendant need not subject a plaintiff "to an adverse action 'tantamount to discharge,

demotion or suspension,' in order to be subject to liability under CEPA." Competello v. LaBruno, 2005 WL 1637907 at *9 (D.N.J. 2005) (citation omitted).

**State Claims Substantially Predominate Over Federal Claim**

Bisbing correctly states that his claims consist of seven counts of state claims and only one count of a federal question claim, alleging violation of his Fourteenth Amendment rights under the United States Constitution. Therefore, he asserts that his state claims substantially predominate over the federal question claim, in that:

> [a]ll of the facts and proofs, including the facts and circumstances related to the single federal claim, under section [sic] 28 U.S.C. § 1983, relate to or revolve around alleged hostile work environment [sic] created by the Defendant, William Hunt. All remedies requested, are the same provided under the NJLAD as are provided under the damage provisions under section [sic] 28 U.S.C. § 1983. As such, the crux and the focus of [Bisbing's] lawsuit revolve around State causes of action.

Bisbing, however, fails to support this bald assertion, except to cite 28 U.S.C. § 1367(c)(2).

"[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case ' derive from a common nucleus of operative fact' and are 'such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding.'" Carnegie-Mellon University, et al. v. Cohill, 484 U.S. 343 (1988) (citing Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)).

Under 28 U.S.C. § 1441(c),[3] a district court cannot remand unless the federal question claims

---

[3] "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

are "separate and independent" from state law claims with which they are joined. Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 786 (3d Cir. 1995) (citation omitted). Neither can a district court decline jurisdiction over a claim over which it has original jurisdiction under 28 U.S.C.§ 1367(c). Id. at 787. Accordingly, § 1367(c) does not authorize the district court to remand the entire case to the state court once removed. Id. Nor does § 1367(c) authorize the district court to remand the state claims to the state court without first considering the possible creation of parallel litigations in state and federal court. Id.

Unless the district count dismisses state claims for persuasive enunciated reasons, "the dictates of 'judicial economy, convenience and fairness to the parties, and comity' . . . are better served by recognizing pendent jurisdiction" to preserve "the advantages of a single suit." Id. at 789 (citations omitted).

Here, this Court has jurisdiction because the Bisbing's action raises a federal question concerning the Fourteenth Amendment. He has not suggested that there is a substantial quantity of evidence to support his state law claims that would not also support his federal law claim. Therefore, his federal law claim and his state law claims "derive from a common nucleus of operative fact" and are not "separate and independent" from those state-law claims.

Therefore, the Court cannot decline jurisdiction over the federal law claim, nor can it remand the state claims to state court, because such an action would quite probably result in parallel suits in both the state and federal courts with possibly conflicting opinions. The interests of judicial economy, convenience and fairness to the parties, and comity weigh in favor of a single suit in federal court.

## **CONCLUSION**

It is clear that the issues presented here are neither complex nor novel for this Court to consider, and the Court is confident in its ability to interpret and apply applicable New Jersey law, as well as applicable federal law.

At this stage of the proceeding, the Court must accept as true the facts set forth by Bisbing in his complaint. He has stated a federal question claim over which this Court has original jurisdiction, and other claims over which this Court has supplemental jurisdiction, which he alleges arise out of the same incidents and the same course of conduct of the Defendants. As a result, the federal and the non-federal claims are not "separate and independent," and the Court has no authority to remand all or part of the case to state court. A different situation would prevail were Bisbing's federal claims to be dismissed.

For the reasons set forth above, Bisbing's motion for remand back to state court is denied. An appropriate order follows.

/s/ Dickinson R. Debevoise
Dickinson R. Debevoise, U.S.S.D.J.

Dated: January 8, 2007